United States District Court
Middle District of Florida
Jacksonville Division

CLARENCE D. JOHNSON, JR.,

 *Plaintiff,*

v.               NO. 3:22-cv-360-BJD-PDB

PRESIDENT JOSEPH BIDEN ET AL.,

 *Defendants.*

___

## Report & Recommendation

 Clarence Johnson, Jr., proceeding without a lawyer, has filed a two-page document captioned with "UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF Atlanta," in which he appears to attempt to sue President Joseph Biden, Vice President Kamala Harris, the Federal Bureau of Investigation, the Chicago Police Department, "EPA Canada," Robert Mueller, and Lance Watson. Doc. 1 at 1. The undersigned recommends construing the document as a complaint and dismissing the action without prejudice.

 A federal court must inquire into subject matter jurisdiction whenever it may be lacking. *Greater Birmingham Ministries v. Sec'y of State for Ala.*, 992 F.3d 1299, 1316 (11th Cir. 2021). A court may dismiss a "patently insubstantial complaint … for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989); *see also Hagans v. Lavine*, 415 U.S. 528, 536–537 (1974) ("[F]ederal courts are without

power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." (internal quotation marks omitted)). "The test of federal jurisdiction is … whether the cause of action alleged is so patently without merit as to justify … the court's dismissal for want of jurisdiction." *S.E.C. v. Mut. Benefits Corp.*, 408 F.3d 737, 741 (11th Cir. 2005) (cleaned up).

Even construing Mr. Johnson's complaint liberally to account for his pro se status, dismissal is warranted for lack of jurisdiction because the complaint is patently insubstantial and without merit. The complaint contains no factual allegations, just isolated words that include "United Nations," "Xiping China," "950 Times," "Supreme Court Justices," "financial extortion," "CDC COVID Guidelines," "Chicago City Traffic Control Boy," "People Gas," "NBC Universal," "Public corruption charges," "Electrical towers," "general treason," "public kidnapping," "bribery," "family violence," and "home intrusions." *See generally* Doc. 1.

Mr. Johnson has initiated many actions across the country, including eleven in this Court in the last sixteen months. Most if not all have been dismissed for failure to state a claim, frivolousness, or lack of subject matter jurisdiction. *See, e.g.*, *Johnson v. Duke Univ. Hosp.*, No. C20-0107-LTS, 2021 WL 4394257, at *2 (N.D. Iowa Sept. 24, 2021) (stating Mr. Johnson is "a frequent filer of frivolous cases in other courts" and "continue[s] to clog the dockets of federal courts with time-wasting, ridiculous filings"); *Johnson v. Kilbert*, No. C21-593RSM, 2021 WL 3552386 (W.D. Wash. June 21, 2021); *Johnson v. Am. Med Ass'n*, No. 21-CV-21886, 2021 WL 2138044 (S.D. Fla. May 26, 2021); *Johnson v. Byers*, No. 3:21-cv-00076-MMD-WGC, 2021 WL 1647921

2

(D. Nev. Apr. 27, 2021); *Johnson v. Illinois Child Fam. Servs.*, No. 4:21-CV-135-NAB, 2021 WL 1253943 (E.D. Mo. Apr. 5, 2021); *Johnson v. Francis*, No. CV 21-135, 2021 WL 877781 (W.D. Pa. Mar. 9, 2021); *Johnson v. Paul*, No. 3:21-cv-00044-MMD-CLB, 2021 WL 619759 (D. Nev. Feb. 17, 2021).

Many of Mr. Johnson's actions were brought against some of the defendants in this case. *See, e.g.*, *Johnson v. Biden*, No. 1:21-CV-211, 2021 WL 2255365 (N.D. Ind. June 3, 2021) (President Biden); *Johnson v. Dep't of Energy*, No. C21-0481JLR, 2021 WL 1691121 (W.D. Wash. Apr. 29, 2021) (Vice President Harris); *Johnson v. Trump/Obama Admin.*, No. 20-CV-47-WMC, 2020 WL 5972404 (W.D. Wis. Oct. 8, 2020) (Lance Watson). Last year, an Illinois federal court sanctioned Mr. Johnson, finding his "multiple frivolous filings … cause the Court to waste its limited and valuable resources reviewing his indecipherable filings and contemplating what to do with them." *Johnson v. Salvation Army*, No. 21-CV-376-JPG, 2021 WL 2400965, at *1 (S.D. Ill. June 11, 2021).

The undersigned **recommends** dismissing the action without prejudice for lack of subject matter jurisdiction and directing the Clerk of Court to close the case.

### Deadline for Objections

"Within 14 days after being served with [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A party's failure to specifically object to the proposed findings and recommendations alters the scope of review, including waiver of the right to

3

challenge anything to which no specific objection was made. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on April 5, 2022.

_____
PATRICIA D. BARKSDALE
United States Magistrate Judge

c:  Clarence D. Johnson, Jr.
    3150 N. Racine Avenue, # 219
    Chicago, IL 60657